**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **PERSONALWEB TECHNOLOGIES, LLC.** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **vs.** § | **Civil Action No. 11-656** |
| § | |
| **GOOGLE INC. AND YOUTUBE, LLC.** § | **JURY TRIAL DEMANDED** |
| § | |
| **Defendants.** § | |
| § | |
| _____ § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff PersonalWeb Technologies, LLC files this Complaint for patent infringement against Defendants Google Inc. and YouTube, LLC (collectively "Defendants").  Plaintiff PersonalWeb Technologies, LLC alleges:

**THE PARTIES**

1.      PersonalWeb Technologies, LLC ("PersonalWeb") is a limited liability company duly organized and existing under the laws of Texas with its principal place of business in Tyler, Texas.

2.      PersonalWeb is the assignee and owner of eight patents at issue in this action, U.S. Patent Nos. 5,978,791, 6,415,280, 6,928,442, 7,802,310, 7,945,539, 7,945,544, 7,949,662, and 8,001,096.

3.      PersonalWeb is informed and believes, and on that basis alleges, that Google Inc. ("Google") is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA  94043.

4.      PersonalWeb is informed and believes, and on that basis alleges, that YouTube, LLC ("YouTube"), a wholly owned subsidiary of Google, is a limited liability company duly organized and existing under the laws of the state of California, with its principal place of business at 901 Cherry Avenue, San Bruno, CA 94066.

## JURISDICTION AND VENUE

5.      The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.      Venue is proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because plaintiff PersonalWeb is a limited liability company incorporated in Smith County, Texas with its principal place of business in Tyler, Texas.

7.      Defendants have done business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling PersonalWeb to relief.

8.      Google and YouTube are properly joined in this action because YouTube is a wholly owned subsidiary of Google and Google owns the YouTube site, which offers the infringing Content Management System.

## PERSONALWEB BACKGROUND

9.      PersonalWeb draws on its proprietary technology to innovate and develop software products, including a social learning platform and digital content management system.

10.     PersonalWeb's software technology enhances the delivery of relevant content by using natural language and semantic analysis.  Utilizing this technology, PersonalWeb has developed a product called StudyPods, which enables students to connect and collaborate online.

11.      PersonalWeb also develops the Global File Registry digital content management system, an online database containing unique identifiers of millions of files collected on behalf of content owners and others.  The registry is capable of identifying files that infringe copyrights and replacing them with other content.

**INFRINGEMENT OF U.S. PATENT NO. 5,978,791**

12.     On November 2, 1999, United States Patent No. 5,978,791 (the "'791 patent") was duly and legally issued for an invention entitled "Data Processing System Using Substantially Unique Identifiers to Identify Data Items, Whereby Identical Data Items Have the Same Identifiers."  PersonalWeb was assigned the '791 patent and continues to hold all rights and interest in the '791 patent.  A true and correct copy of the '791 patent is attached hereto as Exhibit A.

13.     Google has infringed and continues to infringe the '791 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing Google's Query-Serving System and Google's File System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Google is liable for its infringement of the '791 patent pursuant to 35 U.S.C. § 271.

14.     YouTube has infringed and continues to infringe the '791 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing YouTube's Content Management System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  YouTube is liable for its infringement of the '791 patent pursuant to 35 U.S.C. § 271.

15.     Defendants Google's and YouTube's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PersonalWeb's exclusive rights under the '791 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 6,415,280**

16.     On July 2, 2002, United States Patent No. 6,415,280 (the "'280 patent") was duly and legally issued for an invention entitled "Identifying and Requesting Data in Network Using Identifiers Which Are Based On Contents of Data."  PersonalWeb was assigned the '280 patent

and continues to hold all rights and interest in the '280 patent.  A true and correct copy of the '280 patent is attached hereto as Exhibit B.

17.     Google has infringed and continues to infringe the '280 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing Google's Query-Serving System and Google's File System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Google is liable for its infringement of the '280 patent pursuant to 35 U.S.C. § 271.

18.     YouTube has infringed and continues to infringe the '280 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing YouTube's Content Management System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  YouTube is liable for its infringement of the '280 patent pursuant to 35 U.S.C. § 271.

19.     Defendants Google's and YouTube's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PersonalWeb's exclusive rights under the '280 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 6,928,442

20.     On Aug 9, 2005, United States Patent No. 6,928,442 (the "'442 patent") was duly and legally issued for an invention entitled "Enforcement and Policing of Licensed Content Using Content-Based Identifiers."  PersonalWeb was assigned the '442 patent and continues to hold all rights and interest in the '442 patent.  A true and correct copy of the '442 patent is attached hereto as Exhibit C.

21.     Google has infringed and continues to infringe the '442 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing Google's Query-Serving System and Google's File System and its contributing to and inducement of others to

manufacture, use, sell, import, and/or offer for sale infringing products.  Google is liable for its infringement of the '442 patent pursuant to 35 U.S.C. § 271.

22.     YouTube has infringed and continues to infringe the '442 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing YouTube's Content Management System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  YouTube is liable for its infringement of the '442 patent pursuant to 35 U.S.C. § 271.

23.     Defendants Google's and YouTube's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PersonalWeb's exclusive rights under the '442 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,802,310

24.     On September 21, 2010, United States Patent No. 7,802,310 (the "'310 patent") was duly and legally issued for an invention entitled "Controlling Access to Data in a Data Processing System."  PersonalWeb was assigned the '310 patent and continues to hold all rights and interest in the '310 patent.  A true and correct copy of the '310 patent is attached hereto as Exhibit D.

25.     Google has infringed and continues to infringe the '310 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing Google's Query-Serving System and Google's File System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Google is liable for its infringement of the '310 patent pursuant to 35 U.S.C. § 271.

26.     YouTube has infringed and continues to infringe the '310 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing YouTube's Content Management System and its contributing to and inducement of others to

manufacture, use, sell, import, and/or offer for sale infringing products.  YouTube is liable for its infringement of the '310 patent pursuant to 35 U.S.C. § 271.

27.     Defendants Google's and YouTube's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PersonalWeb's exclusive rights under the '310 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,539

28.     On May 17, 2011, United States Patent No. 7,945,539 (the "'539 patent") was duly and legally issued for an invention entitled "Distributing and Accessing Data in a Data Processing System."  PersonalWeb was assigned the '539 patent and continues to hold all rights and interest in the '539 patent.  A true and correct copy of the '539 patent is attached hereto as Exhibit E.

29.     Google has infringed and continues to infringe the '539 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing Google's Query-Serving System and Google's File System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Google is liable for its infringement of the '539 patent pursuant to 35 U.S.C. § 271.

30.     YouTube has infringed and continues to infringe the '539 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing YouTube's Content Management System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  YouTube is liable for its infringement of the '539 patent pursuant to 35 U.S.C. § 271.

31.     Defendants Google's and YouTube's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial.

Defendants' infringement of PersonalWeb's exclusive rights under the '539 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,945,544**

32.     On May 17, 2011, United States Patent No. 7,945,544 (the "'544 patent") was duly and legally issued for an invention entitled "Similarity-Based Access Control of Data in a Data Processing System."  PersonalWeb was assigned the '544 patent and continues to hold all rights and interest in the '544 patent.  A true and correct copy of the '544 patent is attached hereto as Exhibit F.

33.     Google has infringed and continues to infringe the '544 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing Google's Query-Serving System and Google's File System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Google is liable for its infringement of the '544 patent pursuant to 35 U.S.C. § 271.

34.     YouTube has infringed and continues to infringe the '544 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing YouTube's Content Management System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  YouTube is liable for its infringement of the '544 patent pursuant to 35 U.S.C. § 271.

35.     Defendants Google's and YouTube's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PersonalWeb's exclusive rights under the '544 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,949,662

36.      On May 24, 2011, United States Patent No. 7,949,662 (the "'662 patent") was duly and legally issued for an invention entitled "De-Duplication of Data in a Data Processing System."  PersonalWeb was assigned the '662 patent and continues to hold all rights and interest in the '662 patent.  A true and correct copy of the '662 patent is attached hereto as Exhibit G.

37.      Google has infringed and continues to infringe the '662 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing Google's Query-Serving System and Google's File System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Google is liable for its infringement of the '662 patent pursuant to 35 U.S.C. § 271.

38.      YouTube has infringed and continues to infringe the '662 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing YouTube's Content Management System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  YouTube is liable for its infringement of the '662 patent pursuant to 35 U.S.C. § 271.

39.      Defendants Google's and YouTube's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of PersonalWeb's exclusive rights under the '662 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO.  8,001,096

40.      On August 16, 2011, United States Patent No. 8,001,096 (the "'096 patent") was duly and legally issued for an invention entitled "Computer File System Using Content-Dependent File Identifiers."  PersonalWeb was assigned the '096 patent and continues to hold all rights and interest in the '096 patent.  A true and correct copy of the '096 patent is attached hereto as Exhibit H.

41.     Google has infringed and continues to infringe the '096 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing Google's Query-Serving System and Google's File System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Google is liable for its infringement of the '096 patent pursuant to 35 U.S.C. § 271.

42.     YouTube has infringed and continues to infringe the '096 patent by its manufacture, use, sale, importation, and/or offer for sale of its products and services utilizing YouTube's Content Management System and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  YouTube is liable for its infringement of the '096 patent pursuant to 35 U.S.C. § 271.

43.     Defendants Google's and YouTube's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of PersonalWeb's exclusive rights under the '096 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **WILLFUL INFRINGEMENT**

44.     Upon information and belief, the Defendants' infringement of any or all of the above-named patents is willful and deliberate, entitling PersonalWeb to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  Google had prior knowledge of at least one of the patents-in-suit and the patented technology because they were cited in several of Google's own patent applications.  The Patent Office issued to Google U.S Patent No. 7,437,364 on October 14, 2008; U.S. Patent No. 7,558,822 on July 7, 2009; U.S. Patent No. 7,565,423 on July 21, 2009;  U.S. Patent No. 7,587,398 on Sept. 8, 2009; and U.S. Patent No. 7,747,749 on June 29, 2010.  Google cited the '791 patent-in-suit to the Examiner during the prosecution of each of the applications that lead to

the issuances of the '364, '822, '423, '398, and '749 patents.

## JURY DEMAND

45.     PersonalWeb demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PersonalWeb requests entry of judgment in its favor and against Defendants Google and YouTube as follows:

a)     Declaration that Google and YouTube have infringed directly, and/or indirectly, U.S. Patent Nos. 5,978,791, 6,415,280, 6,928,442, 7,802,310, 7,945,539, 7,945,544, 7,949,662, and 8,001,096;

b)     Permanently enjoining Google and YouTube and their respective officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of U.S. Patent Nos. 5,978,791, 6,415,280, 6,928,442, 7,802,310, 7,945,539, 7,945,544, 7,949,662, and 8,001,096;

c)     Awarding the damages arising out of Google's and YouTube's infringement of U.S. Patent Nos. 5,978,791, 6,415,280, 6,928,442, 7,802,310, 7,945,539, 7,945,544, 7,949,662, and 8,001,096, including enhanced damages pursuant to 35 U.S.C. § 284 together with prejudgment and post-judgment interest, in an amount according to proof;

d)     An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e)     For such other costs and further relief as the Court may deem just and proper.

DATED:  December 8 , 2011          Respectfully submitted,


By:  */s/ Max L. Tribble, Jr.*
       Max L. Tribble, Jr.
       State Bar No. 20213950
       mtribble@susmangodfrey.com
       SUSMAN GODFREY L.L.P.
       1000 Louisiana Street, Suite 5100
       Houston, Texas 77002
       Telephone:  (713) 651-9366
       Facsimile:  (713) 654-6666

       Lead Attorney for Plaintiff PersonalWeb Technologies, LLC

Joseph Grinstein
State Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Marc M. Seltzer
CA State Bar No. 54534
mseltzer@susmangodfrey.com
Victoria L. Cook
vcook@susmangodfrey.com
State Bar No. 24031912
Kalpana Srinivasan
ksrinivasan@susmangodfrey.com
CA State Bar No. 237460
SUSMAN GODFREY L.L.P.
1901 Ave of the Stars, Suite 950
Los Angeles, CA 90067

Justin A. Nelson
State Bar No. 24034766
jnelson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile:  (206) 516-3883


Attorneys for Plaintiff PersonalWeb Technologies, LLC