**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC, | Civil Action No. 6:11-cv-00656 (LED) |
| Plaintiff, | JURY TRIAL REQUESTED |
| v. | ORAL ARGUMENT REQUESTED |
| GOOGLE, INC. and YOUTUBE, LLC, | |
| Defendants. | |

**DEFENDANTS GOOGLE, INC.'S AND YOUTUBE, LLC'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

**TABLE OF CONTENTS**

I. STATEMENT OF THE ISSUE TO BE DECIDED ............................................................. 1

II. INTRODUCTION .............................................................................................................. 1

III. BACKGROUND ................................................................................................................ 2

    A. Kinetech Assigns Away A 50% Ownership Interest In The Patents ...................... 2

    B. The Digital Island 50% Interest Is Eventually Acquired By Level 3 Communications ...................................................................................................... 3

    C. In 2011, Kinetech Assigns The Remaining 50% Interest To Plaintiff PersonalWeb ............................................................................................................. 3

IV. ARGUMENT ...................................................................................................................... 4

    A. Legal Standard ......................................................................................................... 4

    B. PersonalWeb's Claims Must Be Dismissed ............................................................. 4

V. CONCLUSION ................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Bd. of Trustees of Leland Stanford Jr. Univ. v. Roche Molecular Sys., Inc.*,
    131 S.Ct. 2188 (2011) .................................................................................................. 1, 5

*Blanchet v. Chevron/Texaco Corp.*,
    368 F.Supp.2d 589 (E.D. Tex. 2004) ................................................................................ 4

*Ethicon, Inc. v. U.S. Surgical Corp.*,
    135 F.3d 1456 (Fed. Cir. 1998) ..................................................................................... 2, 5

*Int'l Gamco, Inc. v. Multimedia Games, Inc.*,
    504 F.3d 1273 (Fed. Cir. 2007) ......................................................................................... 5

*Isr. Bio-Eng'g Project v. Amgen, Inc.*,
    475 F.3d 1256 (Fed. Cir. 2007) ..................................................................................... 1, 5

*Lucent Techs., Inc. v. Gateway, Inc.*,
    543 F.3d 710 (Fed. Cir. 2008) ........................................................................................... 5

*Ramming v. U.S.*,
    281 F.3d 158 (5th Cir. 2001) ............................................................................................. 4

*Warth v. Seldin*,
    422 U.S. 490 (1975) ........................................................................................................... 5

*WiAV Solutions LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2011) ......................................................................................... 4

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants Google, Inc. ("Google") and YouTube, LLC ("YouTube") (collectively, the "Defendants") respectfully move to dismiss the above-captioned action brought by Plaintiff PersonalWeb Technologies, LLC ("PersonalWeb") on the grounds that this Court lacks subject matter jurisdiction.

## I. STATEMENT OF THE ISSUE TO BE DECIDED

Whether PersonalWeb's complaint must be dismissed for lack of subject matter jurisdiction because the co-owner of the patents-in-suit, Level 3 Communications, Inc. ("Level 3"), is not a plaintiff in this matter.

## II. INTRODUCTION

A party alleging patent infringement does not have standing to sue unless all of the patent's owners are joined as plaintiffs in the infringement action. *Isr. Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264-65 (Fed. Cir. 2007) ("Absent the voluntary joinder of all co-owners of a patent, a co-owner acting alone will lack standing."). PersonalWeb, the plaintiff here, owns an undivided, fifty percent interest in the eight patents-in-suit. Its co-owner, Level 3, which is not a party to this case, owns the other undivided, fifty percent interest.

Because Level 3 is not a plaintiff in this matter, PersonalWeb lacks standing to proceed in this litigation. As a result, this Court lacks subject matter jurisdiction over PersonalWeb's claims and they must be dismissed. *See Bd. of Trustees of Leland Stanford Jr. Univ. v. Roche Molecular Sys., Inc.*, 131 S.Ct. 2188, 2193 n. 1, 2199 (2011) (affirming dismissal of patent infringement claim where patent co-owner was not joined as a plaintiff); *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998) ("An action for infringement must join as plaintiffs all co-owners.").

**III. BACKGROUND**

PersonalWeb asserts eight patents against the Defendants: U.S. Patent Nos. 5,978,791; 6,415,280; 6,928,442; 7,802,310; 7,945,539; 7,945,544; 7,949,662; and 8,001,096 (collectively, the "Asserted Patents"). (*See* Dkt. # 1.) Each purports to be either a continuation or divisional of U.S. Patent Application 08/425,160 ("the '160 application"), which was filed on April 11, 1995 and later abandoned. (*See*, *e.g.*, Dkt. # 1-9 ['096 patent] at item [63].)

As reflected in the Patent Office's records, and as confirmed by certain documents provided to Google by PersonalWeb, Level 3 and PersonalWeb are joint co-owners of the Asserted Patents.

Specifically, in June, 1995, the named inventors of the '160 application and the Asserted Patents, David A. Farber and Ronald D. Lachman, assigned their invention to Kinetech, Inc. (Berta Decl., Ex. 1 (assigning "the full and exclusive right, title and interest" to their invention, the '160 application and "all continuations, divisions, reissues and substitutes of said application").)[1]

**A.  Kinetech Assigns Away A 50% Ownership Interest In The Patents**

On October 4, 2000, Kinetech assigned fifty percent of its ownership interest in U.S. Patent No. 5,978,791 (the first continuation from the '160 application and one of the Asserted Patents), to Digital Island, Inc., along with a fifty percent interest in all continuations and divisionals thereof:

> KINETECH hereby sells, assigns, transfers, and sets over to [Digital Island], its lawful successors and assigns, ***FIFTY percentage of KINETECH'S entire right, title, and interest in and to U.S. Patent No. 5,978,791***, the invention claimed therein, any other patent applications directed to the invention, all counterpart

---

[1] All Exhibits are attached to the Declaration of Michael A. Berta In Support of Defendants Google, Inc.'s and YouTube, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction ("Berta Decl."), filed herewith.

> applications, including *continuation applications, divisional applications*, and all Letters Patent of the United States that may be granted thereon …

(Berta Decl., Ex. 2 (emphasis added); *see also id*., Ex. 3.) This assignment contained no restriction on Digital Island's ownership interest. (*See id*.)

### B. The Digital Island 50% Interest Is Eventually Acquired By Level 3 Communications

In February 2004, Digital Island, which later changed its name to Cable & Wireless Internet Services, Inc., assigned its fifty percent interest in the '791 and related patents to Savvis Asset Holdings, Inc.[2] (*Id*., Ex. 5; *id*., Ex. 6 (assigning '791 and "all reissues, reexaminations, continuations, extensions, divisions, supplemental protections thereof").)

In January 2007, Savvis[3] assigned its interest to Mount Shasta Acquisition LLC. (*Id*., Ex. 9.) That same day, Mount Shasta merged with Level 3. (*Id*., Ex. 10.) According to the Patent Office's assignment records, Level 3 continues to hold a fifty percent interest in the Asserted Patents. (*See id.*, Ex. 12; *see also id*., Ex. 13 (stating during reexam of related patent that Level 3 owned the fifty percent interest originally transferred to Digital Island, and Kinetech retained the remaining fifty percent ownership interest); *id*., Ex. 14 (terminal disclaimer for related patent indicating that Kinetech and Level 3 both hold legal title).)

### C. In 2011, Kinetech Assigns The Remaining 50% Interest To Plaintiff PersonalWeb

Kinetech retained the other undivided, fifty percent interest until July 5, 2011, when it transferred all of its remaining interest to PersonalWeb. (Berta Decl., Ex. 15 (assigning "the full and exclusive right, title and interest" to the patents listed therein, plus "all continuations,

---

[2] Savvis Asset Holdings, Inc. changed its name to Savvis, Inc., and then merged with Savvis Communications Corp. (Berta Decl., Ex. 7; *id*., Ex. 8.) For purposes of this motion, they will be referred to collectively as "Savvis."
[3] Savvis granted a first priority security interest in the '791 patent to Wells Fargo Foothills, Inc. in 2005. (*See id.*, Ex. 11.)

divisions, substitutes, and reissues thereof").) Subsequent to that transfer, PersonalWeb issued a press release acknowledging that it co-owns the patents with Level 3. (*Id.*, Ex. 16 (patents "are co-owned in a defined field by Level 3 Communications").)[4]

## IV. ARGUMENT

### A. Legal Standard

Federal Circuit law governs whether PersonalWeb has standing to maintain this lawsuit in the absence of Level 3. *See, e.g.*, *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1263 (Fed. Cir. 2011). Further, PersonalWeb bears the burden of proving that the Court has subject matter jurisdiction to hear its case. *See, e.g., Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."). In deciding the present motion, the Court owes no deference to the allegations in the complaint, but can consider undisputed facts evidenced by the record and disputed facts that are resolved by the Court. *Id.*; *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citation omitted); *see also Blanchet v. Chevron/Texaco Corp.*, 368 F.Supp.2d 589, 596 (E.D. Tex. 2004) (citation omitted) (where defendant raises a "factual attack" on jurisdiction under Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims").

### B. PersonalWeb's Claims Must Be Dismissed

As described in Part II, *supra*, PersonalWeb owns only a fifty percent interest in the Asserted Patents, and Level 3 owns the remaining fifty percent interest. PersonalWeb, as the

---

[4] The press release does not identify any "defined field." As discussed above, the official assignment between Kinetech and Digital Island recorded with the Patent and Trademark Office does not restrict ownership to a "defined field."

sole plaintiff in this infringement action, lacks standing to sue. *Isr. Bio-Eng'g*, 475 F.3d at 1264-65 ("Absent the voluntary joinder of all co-owners of a patent, a co-owner acting alone will lack standing."); *Ethicon*, 135 F.3d at 1467 ("An action for infringement must join as plaintiffs all co-owners."); *see also Bd. of Trustees of Leland Stanford Jr. Univ.*, 131 S.Ct. at 2193 n. 1, 2199 (affirming decision that plaintiff lacked standing); *Lucent Techs., Inc. v. Gateway, Inc.*, 543 F.3d 710, 722 (Fed. Cir. 2008) (affirming JMOL based on lack of standing).

Absent such standing, this Court lacks subject matter jurisdiction over PersonalWeb's claims, and they must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1276, 1280 (Fed. Cir. 2007) (reversing denial of motion to dismiss based on lack of subject matter jurisdiction where plaintiff had no standing to sue without joining additional party); *see Warth v. Seldin,* 422 U.S. 490, 517-18 (1975) ("The rules of standing, whether as aspects of the Art. III case-or-controversy requirement or as reflections of prudential considerations defining and limiting the role of the courts, are threshold determinants of the propriety of judicial intervention.").

## V. CONCLUSION

For the reasons stated herein, this Court lacks subject matter jurisdiction over PersonalWeb's claims, and its complaint should be dismissed.

Dated: February 27, 2012                    Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
**POTTER MINTON P.C.**
110 N. College Avenue, Suite 500
Tyler, TX 75702
Phone: (903)-597-8311
Fax: (903)-593-0846
mikejones@potterminton.com

Michael A. Berta (admitted *pro hac vice*)
**ARNOLD & PORTER LLP**
7th Floor
Three Embarcadero Center
San Francisco, CA 94111
Phone: (415) 471-3100
Fax: (415) 471-3400
michael.berta@aporter.com

ATTORNEYS FOR DEFENDANTS
GOOGLE, INC. and YOUTUBE, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 27th day of February, 2012, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's ECF system. Local Rule CV-5(a)(3).

*/s/ Michael E. Jones*
Michael E. Jones