# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, | Civil Action No. 6:11-cv-00655 (LED) |
| Plaintiffs, | |
| v. | |
| NEC CORPORATION OF AMERICA, INC., | |
| Defendant. | |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, | Civil Action No. 6:11-cv-00656 (LED) |
| Plaintiffs, | |
| v. | |
| GOOGLE, INC. AND YOUTUBE, LLC, | |
| Defendants. | |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, | Civil Action No. 6:11-cv-00657 (LED) |
| Plaintiffs, | |
| v. | |
| NETAPP, INC., | |
| Defendant. | |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, | Civil Action No. 6:11-cv-00658 (LED) |
| Plaintiffs, | |
| v. | |
| AMAZON.COM, INC.; AMAZON WEB SERVICES LLC; AND DROPBOX, INC., | |
| Defendants. | |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, | Civil Action No. 6:11-cv-00659 (LED) |
| Plaintiffs, | |
| v. | |
| CARINGO, INC., | |
| Defendant. | |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, | Civil Action No. 6:11-cv-00660 (LED) |
| Plaintiffs, | |
| v. | |
| EMC CORPORATION AND VMWARE, INC., | |
| Defendants. | |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, | Civil Action No. 6:11-cv-00683 (LED) |
| Plaintiffs, | |
| v. | |
| AUTONOMY, INC., HEWLETT-PACKARD COMPANY, AND HP ENTERPRISE SERVICES, LLC, | |
| Defendants. | |

## [PROPOSED] PROTECTIVE ORDER

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## 1.    INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of three categories: CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and RESTRICTED CONFIDENTIAL — SOURCE CODE, as set forth in Items A through C below.  All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."  Discovery materials produced in this case from prior litigations shall maintain the confidentiality designations from such prior litigations unless otherwise designated by the producing party.

A.    Information Designated as Confidential Information

1.A.1.  For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential technical, sales, marketing, financial, or other sensitive  information qualifying for protection under standards developed pursuant to Fed. Civ. P. 26(c), whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.  Any CONFIDENTIAL INFORMATION obtained by any party, including its outside attorneys,

consultants and experts, from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

1.A.2.  Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" (or other appropriate designation) prior to or at the time copies are furnished to the receiving party.

1.A.3.  All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Section 1.A.2, shall be designated by the producing party by informing the receiving party of the designation in writing.

1.A.4.  Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION (or otherwise as appropriate) prior to furnishing copies to the receiving party.

1.A.5.  The following information is not CONFIDENTIAL INFORMATION:

(a)   Any information that is found in advertising materials, materials that on their face show that they have been published to the general public, or documents that have been submitted to any governmental entity without request for confidential treatment;

(b)     Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

(c)     Any information that the receiving party can show was already publicly known prior to the disclosure; and,

(d)     Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

1.A.6.  Documents designated CONFIDENTIAL and information contained therein shall be available only to:

(a)     Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

(b)     Technical advisers and their necessary support personnel, subject to the provisions of section 3.A-3.F herein, and who have signed the form attached hereto as Attachment A; the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not employees of a party) with whom counsel may deem it necessary to consult and who comply with section 15;

(c)     Up to two in-house counsel, who are members of at least one state bar in good standing, with responsibility for managing this litigation;

(d)     The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and,

   (e)  Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, and hearings, or other court proceedings in the actions; non–technical jury or trial consulting services; mock jurors, *provided* they are only exposed to CONFIDENTIAL INFORMATION during the course of a mock trial or similar exercise and separately sign onto this Order and agree to be bound to its terms prior to said mock trial or similar exercise.  Mock jurors signing this Order need not be disclosed to the producing party.

   (f)  Any other person with the prior written consent of the Producing Party.

  B.  <u>Information Designated Confidential Outside Counsel Only</u>

   1.B.1.  The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes (a) marketing, financial, sales, web traffic, research and development, or technical, data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Non-disclosure Agreement ("NDA"); and (c) information or data relating to future products not yet commercially released and/or strategic plans.  Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall be treated as if designated CONFIDENTIAL OUTSIDE COUNSEL ONLY.  In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

1.B.2.  Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available only to the persons or entities listed in sections 1.A.6(a), (b), (d) & (e) subject to any terms set forth or incorporated therein and not any person or entity listed in section 1.A.6(c).  Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available to persons listed in section 1.A.6(f) only with the prior written consent of the producing party.

C.    Information Designated Restricted Confidential - Source Code

1.C.1.  The RESTRICTED CONFIDENTIAL - SOURCE CODE designation is reserved for CONFIDENTIAL INFORMATION that contains or substantively relates to a party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code—*i.e.* computer instructions or data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module—or technical design documentation.  The following conditions shall govern the production, review and use of source code or design documentation information.

1.C.2.   All such Source Code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL —SOURCE CODE," shall be subject to the following provisions:

(a)    Source Code, to the extent any producing party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the producing party: (1) the offices of the producing party's primary outside counsel of record in this action; (2) a single, third-party site located within any judicial district; or (3) a location mutually agreed upon by the receiving and

producing parties.  Any location under (1), (2) or (3) above shall be in the continental United States.

In the event that a producing party elects to make source code available at a third party site pursuant to location (2) above, the producing party shall bear the costs associated with hosting the Source Code at the third-party site and with producing Source Code as provided in Section 1.C.2(d).

Source Code will be loaded on up to three, non-networked computers that are password protected and maintained in a secure, locked area.  To facilitate the taking of notes during the review of Source Code, persons admitted into the room containing Source Code shall be entitled to take a personal laptop computer that is not connected to any wired or wireless network; however, the use of any input/output device (e.g., USB memory stick, enabled cameras or any camera enabled device (cell phones with cameras are permitted so long as the camera is disabled), CDs, floppy disk, portable hard drive) separate from the laptop computer is prohibited while accessing the computers containing the Source Code.  All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying the separate prohibited input/output devices specific in this provision before they will be given access to the locked room.  The computers containing Source Code will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection.  For purposes of this paragraph, "regular business hours" are defined at 8:30 AM to 6:00 PM.  Moreover, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving party's request for access to the stand-alone computers outside of normal business hours.

(b)     The receiving party's outside counsel and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computers, which the producing party shall make reasonable efforts to accommodate.   The receiving party must provide the producing party with the CD or DVD containing such software tool(s) at least four business days in advance of the inspection.

(c)     The receiving party's outside counsel and/or expert shall be entitled to take written and/or electronic notes relating to the Source Code.  Terms used in the Source Code may be copied into the notes, but the receiving party's outside counsel and/or expert may not copy complete instruction sets of the Source Code into the notes.  Except as permitted above, no copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  Finally, there shall be no wholesale copying of source code.

(d)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the receiving party may request a reasonable number of pages of Source Code to be printed by the producing party, but only if and to the extent necessary for use in this action.  Within 3 business days or such additional time as necessary due to volume requested, the producing party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the Source Code produced by the producing party in this action.  At the inspecting parties request, up to three additional sets (or subsets) of printed Source Code may be requested and provided by the producing party in a timely fashion.

(e)     If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within two business days.  If after meeting and conferring the producing party and the receiving party cannot resolve the objection (where such meet-and-confer need not take place in person), the producing party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity.  The burden on any such request to the Court shall be on the producing party to establish that the printed portions are not reasonably necessary to any case preparation activity.  Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.  The failure by the producing party to move the Court for relief within five business days after the conclusion of the meet and confer pursuant to this paragraph shall constitute a waiver of that objection.

(f)     Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

(g)     Any paper copies designated "RESTRICTED CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing or deposition.

(h)     A list of names of persons other than outside counsel of record who will view the Source Code will be provided to the producing party in conjunction with any

written (including email) notice requesting inspection.  The receiving party shall maintain a daily log of the names of persons other than outside counsel of record who enter the locked room to view the Source Code and when they enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log.

(i)      Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall return any found items left in the room following each inspection session.

(j)   The receiving party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The receiving party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

(k)      Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

(1)      Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

(2)     Up to three (3) outside experts or consultants per plaintiff and defendant in each case, pre-approved in accordance with Sections 3.A-3.F and specifically identified as eligible to access Source Code;

(3)     The Court, its technical advisor (if one is appointed) court personnel, and court reporters or videographers recording testimony or other pretrial proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.  If used during a deposition, the deposition record will identify the exhibit by its production numbers;

(4)     While testifying at deposition or hearings in this action only: (i) any current or former officer, director or employee of the producing party or original source of the information; (ii) any person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-section shall not retain or be given copies of the Source Code except while so testifying.

(l)     The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under section 1.C.2(g) above, with the exception of outside counsel.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code;

(m)     Except as provided in this section, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).  The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order.  The Receiving Party's outside counsel shall maintain a log described in Section 1.C.2(l) above.  Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

(n)     To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE.

(o)     All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use.  The receiving party must provide a Certificate of Destruction to the producing party to certify the destruction of all copies of any portion of Source Code in whatever form.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(p)     The receiving party's outside counsel may only disclose a copy of the Source Code to individuals specified in Section k above (e.g., Source Code may not be disclosed to in-house counsel).

(q)     Nothing in this Part C ("Information Designated Restricted Confidential – Source Code") or elsewhere in this Protective Order constitutes any agreement or mandate that any Party is required to produce Source Code in this, or any other case.

D.     Use of Protected Information at Trial

1.D.1.   Except as provided in Section 8.C., this Order applies to pretrial matters. The Parties shall meet and confer prior to trial to discuss procedures for maintaining the confidentiality of Protected Material during the course of trial.

## 2.     **PROSECUTION/ACQUISITION BAR**

2.A.     Any person reviewing any of an opposing party's Confidential Materials, Confidential Outside Counsel Only Materials or Source Code relating to products that have been offered for sale or sold on or after January 1, 2008 (all of which shall also be automatically designated as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution/Acquisition Activity (as defined below) on behalf of a party asserting a patent in this case.  Furthermore, any person reviewing any of an opposing party's

Prosecution Bar Materials shall not, for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution Activity involving claims on a method, apparatus, or system involving any use of identifiers for data items based in whole or in part on the contents of the data item.

2.B.     Prosecution/Acquisition Activity shall mean any activity related to the competitive business decisions involving the preparation or prosecution (for any person or entity) of patent applications or the acquisition of patents or patent applications relating to data processing, storage or backup, and/or the technology embodied within the patents asserted in the above-captioned case, or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling or drafting of claims for any patent application, or reissue application.  Nothing in this Section shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.  Nothing in this provision shall prohibit any attorney of record in this litigation from assisting its client in reexamination proceedings or post grant review, except that persons subject to the prosecution bar may not assist or participate in discussions relating to drafting or amending claims in reexamination or post grant review proceedings.

3.     **DISCLOSURE OF TECHNICAL ADVISERS**

3.A.     Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining,

defending or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel.

3.B.     No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under section 3.C., that objection is resolved according to the procedures set forth below.

3.C.     A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in the litigation, and the producing party shall have five business days after such notice is given to object in writing to the disclosure.  The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser:   name, address, curriculum vitae, current employer, employment history for the past ten years, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or public patent applications in which the technical adviser is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.  No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

3.D.     A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection.  The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected

Information to the technical adviser will result in specific business or economic harm to that party.

3.E.     If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that party shall provide notice to the objecting party.  Thereafter, the objecting party shall move the Court, within 5 business days of receiving such notice, for a ruling on its objection.  A failure to file a motion within the 5 business day period, absent an agreement of the parties to the contrary or for an extension of such 5 business day period, shall operate as an approval of disclosure of all Protected Information to the technical adviser.  The parties agree to cooperate in good faith to shorten the time frames set forth in this Section if necessary to abide by any discovery or briefing schedules.

3.F.     The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser.  This "good cause" shall include a particularized showing that:  (1) the Protected Information is confidential commercial information, (2) disclosure of the Protected Information likely would result in a clearly defined and serious injury to the objecting party's business, (3) the proposed technical advisor is in a position to allow the Protected Information to be disclosed to or become known by the objecting party's competitors, and (4) that the technical advisor's access to Protected Information may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the technical advisor.

## 4.     CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

4.A.     The parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly

designated.  A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

4.B.    A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached, the receiving party shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the designated Protected Information.  Thereafter, the receiving party shall have ten (10) days from the date of certification to file a motion to compel the designating party to re-designate the documents or information in dispute.  The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.  If the receiving party does not timely file a motion for re-designation, then the Protected Information in dispute shall remain subject to the designation made by the designating party as provided in this Order.  All Protected Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for an order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Information is entitled to confidential treatment.

4.C.    Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

5.      **LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

5.A.    All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other actual or contemplated legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

5.B.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and hearings and may testify concerning all Protected Information of which such person has prior knowledge.

5.B.1.   Nothing contained herein shall be construed to prejudice any party's right to use any Protected Information in taking testimony at any deposition or hearing provided that the Protected Information is only disclosed to a person(s) who is: (a) eligible to have access to the Protected Information by virtue of his or her employment with the designating party, (b) identified in the Protected Information as an author, addressee, or copy recipient of such information, (c) although not identified as an author, addressee, or copy recipient of such Protected Information, has seen such Protected Information, (d) a current or former officer, director or employee of the producing party; (e) outside counsel for a party; (f) technical adviser(s) for a party; (g) court reporters and videographers; (h) the Court; or (i) other persons entitled hereunder to access to Protected Information.  Any person not qualified to view Protected Information under this Order shall be excluded from the portion of the examination that concerns such Protected Information, unless the producing party consents in writing or on the record to his or her presence.  If a witness is represented by an attorney who is not qualified to view Protected Information under this Order, that attorney shall be required to provide an executed copy of Attachment A hereto.  If that attorney does not so agree to be bound by this

Order, the parties shall jointly seek a protective order from the Court, prohibiting the attorney from disclosing Protected Information.  Protected Information shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing party or from the Court.

      5.B.2.  All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

      5.B.3.  Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.  Notwithstanding the foregoing and with regard to material designated as Restricted Confidential - Source Code, the provisions of section 1.C. are controlling to the extent those provisions differ from this section.

      5.B.4.  Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order.  Further, nothing herein

shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

5.B.5.  At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" by the reporter.  This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript.  Deposition transcripts shall be treated by default as CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

5.C.    No Protected Information may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form.  The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Information, exclusive of material designated RESTRICTED CONFIDENTIAL — SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this Section may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

6.      **NON-PARTY USE OF THIS PROTECTIVE ORDER**

A.      A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

B.      A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

**7.      NO WAIVER OF PRIVILEGE**

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.  Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials.  The recipient(s) shall gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party.   Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

**8.      MISCELLANEOUS PROVISIONS**

8.A.    Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

8.B.    Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

8.C.    Within sixty days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information, not embodied in physical objects and documents shall remain subject to this Order.  In the event that a party is dismissed before the

entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only.  If a producing party opts to have all receiving parties destroy CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information, each receiving party must provide a Certificate of Destruction to the producing party.

        8.D.    If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents.  If a producing party does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

        8.E.    Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued

report(s) in this litigation are considered attorney work-product and are exempt from discovery. In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are also considered attorney work-product and are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

8.F.    No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.  No party shall be required to log communications with counsel from other lawsuits involving any of the patents-in-suit, parties or predecessors-in-interest.

8.G.    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.   Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

8.H.    The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected

Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas.

8.I.     Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

8.J.     Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

**ATTACHMENT A TO THE AGREED PROTECTIVE ORDER CONFIDENTIAL AGREEMENT**

1.  My name is

   _____.

2.  I reside at _____.

3.  My present employer is _____.

4.  My present occupation or job description is _____.

5.  I have read the Agreed Protective Order dated _____, 2012, and have been engaged as _____ on behalf of _____in the preparation and conduct of litigation styled *PersonalWeb Technologies, LLC v. ¬* , 11-cv-    -LED (E.D. Tex.).

6.  I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

7.  I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8.  In accordance with section 3.C of the agreed Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past ten years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

9.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _____

Executed on _____, 20_____.