**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NEC CORPORATION OF AMERICA, INC., <br><br> Defendant. | Civil Action No. 6:11-cv-00655 (LED) |
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC. AND YOUTUBE, LLC, <br><br> Defendants. | Civil Action No. 6:11-cv-00656 (LED) |
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NETAPP, INC., <br><br> Defendant. | Civil Action No. 6:11-cv-00657 (LED) |
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC.; AMAZON WEB SERVICES LLC; AND DROPBOX, INC., <br><br> Defendants. | Civil Action No. 6:11-cv-00658 (LED) |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CARINGO, INC., <br><br> Defendant. | Civil Action No. 6:11-cv-00659 (LED) |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> EMC CORPORATION AND VMWARE, INC., <br><br> Defendants. | Civil Action No. 6:11-cv-00660 (LED) |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AUTONOMY, INC., HEWLETT-PACKARD COMPANY, AND HP ENTERPRISE SERVICES, LLC, <br><br> Defendants. | Civil Action No. 6:11-cv-00683 (LED) |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1.  **Disclosures.**   By the date provided for in the Docket Control Order[1], and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.    the correct names of the parties to the lawsuit;

    B    the name, address, and telephone number of any potential parties;

    C.    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    D.    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a  brief, fair summary of the substance of the information known by such person;

    E.    any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    F.    any settlement agreements relevant to the subject matter of this action; and

    G.    any statement of any party to the litigation.

2.  **Additional Disclosures.**  Without awaiting a discovery request, each party shall provide to every other party the following information:

    A.    the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

    B.    beginning no later than the date provided for in the Docket Control Order for complying with P.R. 3-4(a),[2] a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant

---

[1]  The parties were unable to reach agreement on the date for initial disclosures.  Plaintiff has proposed July 27, 2012.  The Defendants have proposed August 17, 2012.  The parties will comply with the requirements of paragraph 1 above by the date that the Court adopts.

[2]  The parties were unable to reach agreement on this date and whether the production should include ESI documents.  Plaintiff has proposed August 21, 2012 and believes the production should include ESI documents.  Defendants have proposed September 25, 2012, and believe the production should exclude ESI documents.

to those additionally pleaded claims or defenses involved in this action.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

C.      no later than June 14, 2013, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

3.      **Testifying Experts.**  Each party is limited to four testifying experts.  By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

A.      The expert's name, address, and telephone number;

B.      The subject matter on which the expert will testify;

C.      A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);

D.      If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;

E.      If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party:

(1)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

(2)     the expert's current resume and bibliography; and

(3)     The parties shall be excused from furnishing an expert report of treating physicians unless reasonably requested to do so by another party.

4.      **Discovery Limitations**.  Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 3 together with the following limitations:

A.      **Written Discovery**

(1)     Plaintiff may serve up to fifteen (15) common interrogatories that are stated identically to all Defendants, and ten (10) additional interrogatories

to each Defendant Group.[3]   Defendants may serve up to fifteen (15) common interrogatories that are stated identically to Plaintiffs, and each Defendant Group may serve up to ten (10) additional interrogatories to Plaintiffs.   An interrogatory directed to more than one patent-in-suit or asserted claim, more than one accused product, or more than one prior art reference shall count as a single interrogatory.]

(2)   Plaintiff may serve up to twenty-five (25) common requests for admission stated identically to all Defendants and twenty-five (25) requests for admission stated individually to each individual Defendant or Defendant Group.  Defendants may collectively serve up to twenty-five (25) common requests for admission stated identically on Plaintiff, and each individual Defendant or Defendant Group may serve up to twenty-five (25) additional requests for admission on Plaintiff. Notwithstanding the foregoing, there shall be no limitations on the number of requests for admission any party may use solely for the purpose of authentication of evidence pursuant to Federal Rules of Evidence 901.

## B.     Third Party Discovery

The parties will serve each other with copies of any subpoena or deposition notice directed to a third-party on the same day the subpoena or notice is served on the third-party. If a party receives documents from a third-party, the receiving party will provide to the other side a copy of such documents within 24 hours of receiving such documents.

## C.     Fact Depositions of Parties and Non-Parties

(1)   The total number of non-expert deposition hours taken by Plaintiff, including Rule 30(b)(6) depositions, third-party depositions, and other individual depositions, shall not exceed 100 deposition hours in each case.

(2)   The total number of non-expert deposition hours taken by each Defendant Group, including Rule 30(b)(6) depositions, third-party depositions, and other individual depositions, shall not exceed 100  hours.

(3)   Deposition time shall be calculated from the time on the record; however, any deposition taken shall count for a minimum of four (4) hours.  Except as provided in paragraph (4) below, no individual testifying pursuant to Rule 30(b)(1) or party testifying pursuant to Rule 30(b)(6) shall be deposed for more than seven (7) hours.

---

[3] There are 8 Defendant Groups as follows:  (1) Google and YouTube, (2) EMC and VMware, (3) NetApp, (4) Amazon and Dropbox, (5) Autonomy, (6) HP and HP Enterprise Services, (7) Caringo, and (8) NEC of America.

    (4)    For any deposition of a Plaintiff witness that is common to all cases (by way of example only, named inventors or prosecuting attorneys), the witness may be deposed for no more than fourteen (14) hours collectively by all Defendants.

## D.    Expert Depositions

    (1)    The parties will meet-and-confer within three days of serving rebuttal expert reports to determine the amount of time needed for expert depositions, taking into account the number of patents addressed by each expert.

    (2)    If the parties are unable to reach agreement, the deposition of experts shall proceed according to the Federal Rules of Civil Procedure.

## E.    Expert Discovery

The parties agree to the following with respect to Expert Discovery:

    (1)    Oral and written communication between an expert witness for any party or parties, and the party or parties, or their attorneys or representatives employing such expert which are made in connection with the expert witness' engagement for this case, are not discoverable, except to the extent that the expert relies upon them for his opinions.

    (2)    Drafts of a report, declaration, or affidavit of an expert witness for any party or parties that are prepared in connection with the expert witness' engagement for this action are not discoverable.

    (3)    All notes, memoranda and other writings of an expert witness that are prepared in connection with the expert witness' engagement for this case are not discoverable, except to the extent that the expert consults them or refreshes his or her memory with them while testifying at a deposition or at trial.

    (4)    No party will argue or suggest at trial that any expert should have produced discovery, e.g., that the expert should have produced draft reports, falling under this section.

    (5)    No party will be obligated to log any information withheld under this section.

## F.    Meet and Confer Obligation

    (1)    The parties will meet and confer in good faith over all discovery issues, including any adjustments to the above limits as needed and/or through leave of Court.

5.      **Privileged Information.**

      (1)    There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.   If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

      (2)    There is no duty to log as privileged communications with in-house or outside counsel, or work product prepared, regarding the subject matter of this litigation occurring on or after the commencement of these actions.

6.      **Pre-trial Disclosures.**  By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

    A.    The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    B.    The designations of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

    C.    An appropriate identification of each document or other exhibit, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.   **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8.   **Notification of the Court.**  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

9.   **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10.  **Requests for Production.**  Because documents relevant to any claim or defense are to be produced pursuant to paragraphs one and two of this Order, requests for production are unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.  The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

11.  **Discovery Disputes.**  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

12.  **Discovery Conferences.**  Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of the meeting.  Attendance by proxy is not permitted.  Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

13.  **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.  Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

14.  **Courtesy Paper Copies.**  Paper copies will not be accepted by this Court unless specifically requested.

15.  **Hearing Notebooks.**  Hearing notebooks are no longer required or requested.  However, the Court may request hearing notebooks in specific instances.

16.  **Electronic Service.**  The Parties must serve documents, pleadings, correspondence and other item electronically in lieu of service by U.S. Mail, to at least each attorney listed on

the docket as an attorney of record for the opposing party.  If the document, pleading, correspondence or other item is too large to be served electronically, then a cover letter of other similar notification shall be served electronically and the document, pleading, correspondence or other item shall be served by Federal Express for next day delivery.

17.    **E-Discovery.**  Discovery of ESI, including email and electronic files, shall be governed in accordance with the attached Order Regarding E-Discovery.[4]

---

[4] The parties were unable to reach agreement on the form of the Order Regarding E-Discovery. Plaintiff has proposed adoption of the Court's Model Order.  Defendants have proposed a revised version of the Court's Model Order.