IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PERSONALWEB TECHNOLGIES, LLC § § § Plaintiff, § § vs. § GOOGLE, INC., ET AL., § § Defendants. § | § § § § § § § § § § § | CASE NO. 6:11-CV-656 |
| PERSONALWEB TECHNOLGIES, LLC § § § Plaintiff, § § vs. § AUTONOMY, INC., ET AL., § § Defendants. § | § § § § § § § § § § § | CASE NO. 6:11-CV-683 |

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions to reconsider transfer orders: PersonalWeb's Motion for Reconsideration of Order Conditionally Granting Transfer (6:11-CV-656, Docket No. 134); and the HP Defendants' Motion to Reconsider Order Regarding Transfer of Venue (6:11-CV-683, Docket No. 136). For the reasons set forth below, these motions are **DENIED**.

1

**BACKGROUND**

Google[1] and HP[2] are two defendants in a group of serially filed cases brought by Plaintiff PersonalWeb Technologies, LLC ("PersonalWeb"). On March 21, 2013, the Court issued an order conditionally transferring Google to the Northern District of California, with the transfer to become effective the day the Court issued its claim construction opinion. *See* 6:11-CV-656, Docket No. 131. In that same order, the Court denied HP's motion to transfer to the Northern District of California. PersonalWeb moved to reconsider Google's conditional transfer, and HP moved to reconsider the denial of its transfer.

**APPLICABLE LAW**

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Centre One v. Vonage Holdings Corp.*, 2010 WL 3257642, at *1 (E.D. Tex. Aug. 17, 2010) (quoting *MHL Tek, LLC v. Nissan Motor Co.*, 2009 WL 440627, at *2 (E.D. Tex. Feb. 23, 2009)). There are three grounds for granting a motion to reconsider: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). When a party moving for reconsideration offers new evidence, a court must balance "the need to bring the litigation to an end and the need to render just decisions on the basis of all the facts." *Lupo v. Wyeth-Ayerst Labs*, 4 F. Supp. 2d 642, 645 (E.D. Tex. 1997).

---

[1] "Google" refers to Google Inc. and YouTube, LLC.
[2] "HP" refers to Hewlett-Packard Company, HP Enterprise Services, LLC ("HPES"), and Autonomy, Inc.

## ANALYSIS

**1. The Google Motion (6:11-CV-656, Docket No. 134)**

PersonalWeb believes transfer to the Northern District of California is inappropriate because Google withheld information about relevant contacts in New York City. 6:11-CV-656, Docket No. 134, at 2. PersonalWeb contends Google initially represented that the accused products were headquartered in Northern California, and all relevant documents and witnesses were located there. *Id*. However, PersonalWeb discovered during a deposition that Google's Colossus File System team is based in New York.[3] *Id*. at 4. Further, the Colossus technical lead (Eric Schrock) works in Google's New York office. *Id*. at 9. PersonalWeb argues Google's failure to disclose these relevant facts gives the Court grounds to reconsider its transfer decision.

Additionally, PersonalWeb believes the Court relied on two incorrect factual assumptions in its original order. *Id*. at 5. First, a California-based third party witness cited by the Court (Anthony Neumann) "has no relevant knowledge about the True Names patents or the issues in this lawsuit." *Id*. Second, licensee Skype is not based in Northern California. Instead, Skype was previously headquartered in Luxembourg, and it is now owned by a company in Washington State. *Id*.

Google's response is two-fold. First, Google contends it did not identify the Colossus system in its initial disclosures because Colossus was not originally part of the case. 6:11-CV-656, Docket No. 145, at 1. Instead, PersonalWeb first identified Colossus as an accused product a year into the case. *Id*. at 5. Second, Google argues the New York office does not change the transfer analysis outcome. *Id*. at 6. Google asserts that there are many relevant Colossus

---

[3] PersonalWeb describes Colossus as "one of the three accused technologies." 6:11-CV-656, Docket No. 134, at 7.

employees in Northern California, and the remaining majority of relevant connections are to the Northern District of California. *Id*. at 8.

Google's presence in New York does not justify reversing the Court's previous decision. Even though Google has an office in New York that is likely to house relevant documents and witnesses, the substantial majority of relevant Google contacts are in Northern California. Google is headquartered in Mountain View, and the majority of its employees and documents are located there. Further, the fact that new evidence was found in New York has only a marginal impact on convenience. While it may be more convenient for New York employees to travel to Texas than to California, those employees will still be required to travel a significant distance. Thus, any increase in convenience for New York employees and witnesses carries limited significance.

PersonalWeb's motion to reconsider Google's transfer is **DENIED**.

**2. The HP Motion (6:11-CV-683, Docket No. 136)**

HP believes the Court should reconsider its transfer order because PersonalWeb dropped its claim against Plano-based HPES.[4] 6:11-CV-683, Docket No. 136, at 1. HP contends the Court relied heavily on HPES's presence in the case to deny HP's transfer to the Northern District of California. *Id*. at 4. However, now that HPES is no longer part of the case, there is no reason to keep the case in Texas. *Id*. at 5. HP asserts that PersonalWeb only accused HPES products in an attempt to manipulate venue. 6:11-CV-683, Docket No. 152, at 2. HP further represents that PersonalWeb recently added three California-based products to the suit. 6:11-CV-683, Docket No. 136, at 1. Collectively, HP argues this represents sufficient changed circumstances to justify transferring the case to the Northern District of California. *Id*. at 4.

---

[4] HPES is a wholly-owned HP subsidiary headquartered in the Eastern District of Texas.

PersonalWeb counters with two arguments. First, it argues the Court should not consider the fact that PersonalWeb dropped its claims against HPES. 6:11-CV-683, Docket No. 144, at 1. PersonalWeb argues venue decisions must be made based on the situation as it existed when the case was filed. *Id*. Second, PersonalWeb contends the three new accused products have significant ties to Boston. *Id*. at 2. PersonalWeb represents that HP acquired the newly-accused products from a company in Boston, so the relevant documents and witnesses are likely located in Massachusetts. *Id*. Further, PersonalWeb argues there is additional relevant evidence in Bangalore, India. *Id*. at 3. For these reasons, PersonalWeb believes transfer would be inappropriate. *Id*. at 4.

HP maintains significant contacts in Bangalore, India, the United Kingdom, and Plano, Texas. *See* 6:11-CV-656, Docket No. 131. As the Court noted in its original transfer order, Autonomy's founding headquarters are in the United Kingdom. *Id*. Further, HP has a significant presence in the Eastern District of Texas—it owns a large subsidiary in Plano. *Id*. Simply put, "transfer is…inappropriate because the Northern District of California has an inadequate connection to this case. *Id*.

Further, transfer motions must be decided based on the situation that existed when the suit was filed. *In re EMC Corp.*, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)). Otherwise, given the evolving nature of litigation, there would constantly be new "facts" or "circumstances" some party found relevant to the transfer analysis. *Vertical Computer Sys., Inc. v. LG Elecs. MobileComm U.S.A., Inc.*, 2013 WL 2241947, at *3 (E.D. Tex. May 21, 2013). This would place motions to transfer in perpetual limbo, with no transfer decision ever truly final.

5

For this reason, the fact that PersonalWeb dropped its claims against HPES does not impact the transfer analysis. HP contends PersonalWeb's decision to drop its claim against HPES indicates PersonalWeb "never had a valid claim against Data Protector from the outset." *See* 6:11-CV-683, Docket No. 152, at 2. However, there are a variety of reasons a plaintiff may choose to drop asserted claims or products in litigation. Merely dropping its claims against HPES does not indicate PersonalWeb sued HPES in an attempt to manipulate venue. In fact, PersonalWeb represents that it withdrew its claim because the issue may be resolved in arbitration in October 2013. 6:11-CV-683, Docket No. 154, at 1.

HP's motion to reconsider the transfer order is **DENIED**.

## CONCLUSION

For all the foregoing reasons, the motions to reconsider (6:11-CV-656, Docket No. 134 and 6:11-CV-683, Docket No. 136) are **DENIED**.

**So ORDERED and SIGNED this 5th day of August, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**